| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| United States of America, | § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Criminal H-13-194-1 |
| Juan Ramiro Sandoval, | | |
| Defendant. | | |

## Opinion and Judgment

1. *Background.*

Juan Sandoval was charged with possession and distribution of drugs. He also was charged with having a gun during a drug deal. He pleaded guilty and was sentenced on June 18, 2013, to 70 months in prison for each of the first two charges; these sentences run concurrently. He was sentenced to 60 months for the gun charge; it runs consecutively. He did not appeal.

On September 16, 2014, Sandoval moved to vacate his sentence under 28 U.S.C. § 2255. He says that his lawyer was ineffective because (a) he did not test the methamphetamine to be sure it was 21 grams instead of 19 grams and (b) he did not argue for a two-point reduction based on Sandoval's acceptance of responsibility.

2. *Deadline.*

Sandoval was sentenced on June 18, 2013. The judgment was entered on June 25, 2013. He did not appeal. His deadline to appeal was fourteen days after the entry of judgment – July 10, 2013.[1] His deadline to move to vacate his sentence under 28 U.S.C. § 2255 was one year after his deadline to appeal lapsed.[2] He moved to vacate on September 16, 2014. He moved two months too late.

---

[1] Fed. R. App. P. 4(b)(1).

[2] 28 U.S.C. § 2255(f).

3.  *Ineffective Assistance.*

Assuming Sandoval's motion were not too late, it would still be denied.

Juan Sandoval initially appeared in the district court with his lawyer and a deal with the government. He pleaded guilty to three counts, and the government and he agreed on the correct-guideline calculus. They agreed to a level 25, criminal history of III, and a sentence range of 70 – 87 months. The government recommended 70 months. The court found that the agreement accurately reflected the facts they had both accepted.

A.  *Amount.*

Sandoval says that his lawyer was deficient because he did not have the methamphetamine tested to show that it had really been 19 grams instead of the 21 grams used in the proffer and Sandoval's agreement. He suggests no reason that he did not correctly weigh his drug that he was selling to an agent as 21 grams.

Under the 2013 edition of the Guidelines Manual for U.S.S.G. § 2D1.1. the base offense level is determined by the type and quantity of illicit controlled substance attributable to the relevant-conduct findings for Sandoval. The cocaine and methamphetamine for which he is responsible have been converted to the marijuana equivalent for applying the guideline (See U.S.S.G. § 2D1.1, comment.(n. 8)).

Twenty-one grams of methamphetamine is equivalent to 42 kilograms of marijuana. One kilogram of cocaine is equivalent to 200 kilograms of marijuana. Sandoval was held accountable for about 242 kilograms of marijuana. Under U.S.S.G. § 2D1.1(c)(7), the base offense level is 26.

Had he been convicted of 19 grams of methamphetamine – equivalent to 38 kilograms of marijuana – this would have yielded the same guideline range of 26. The threshold for a base-offense level of 26 is 100 kilograms to 400 kilograms of marijuana. Sandoval's one kilogram of cocaine and 19 grams of methamphetamine were equivalent to 238 kilograms of marijuana – within the range for a level 26. It made no difference whether it was 19 grams or 21 grams of methamphetamine.

B.  *Reduction.*

Sandoval says that his lawyer was deficient in his not having argued for a two-point reduction for acceptance of responsibility. Although it is true that he moved quickly to resolve

this case, he identifies nothing beyond his pleading guilty with an agreed-guideline range that would suggest that he merited a guideline reduction.

The court was not advised of the parties' method of arriving at that range; however, the court's own calculation was consistent with theirs. Taking the base of 26, two points needed to be added for reckless endangerment from his high-speed flight in which he hit two civilian cars. This yields an Adjusted Offense Level of 28. Subtracting three levels for his quick plea leaves a Total Offense Level of 25 – the level the parties stipulated. The court accepted the arrangement, despite its profound misgivings about his suitability for acceptance.

The agreed calculation incorporated a three-point reduction for acceptance of responsibility. Sandoval got more than what he says his lawyer failed to request. His lawyer was not ineffective. He has no constitutional claim.[3]

4.  *Conclusion.*

Sandoval moved to vacate his sentence too late. Assuming his motion were timely, it would still be denied. His lawyer was not constitutionally defective.

Juan Sandoval's motion to vacate his sentence will be denied.

Signed on May 15, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).